# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DOUGLAS O. GILBERT,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 07-102-JHP-KEW |
| **ERIC FRANKLIN, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, attacks his conviction in McCurtain County District Court Case Number CF-94-235 for Killing a Police Dog (Count I) and Injuring a Police Dog (Count II), both After Former Conviction of a Felony. He was sentenced to fifty years' incarceration on each count.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

09/04/1996  Petitioner's direct appeal was affirmed by the Oklahoma Court of Criminal Appeals in *Gilbert v. State*, No. F-95-714 (Okla. Crim. App. Sept. 4, 1996).

12/03/1996  Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court.

| 01/22/1999 | Petitioner filed an application for post-conviction relief in the McCurtain County District Court. |
| --- | --- |
| 06/09/1999 | The state district court denied petitioner's application for post-conviction relief. He did not appeal this decision. |
| 12/21/2004 | Petitioner filed a second application for post-conviction relief, which was denied on December 7, 2005. |
| 04/11/2006 | The denial of petitioner's application for post-conviction relief was affirmed in *Gilbert v. State*, No. PC-2006-020 (Okla. Crim. App. Apr. 11, 2006). |
| 04/06/2007 | Petitioner filed this petition for a writ of habeas corpus. |

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final on December 3, 1996, and he had one year, until December 3, 1997, to file a federal habeas corpus action. Because he did not initiate his post-conviction proceedings until January 22, 1999, after expiration of the limitation period, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner alleges in his response to the motion to dismiss that he is uneducated and unskilled in the law, and he is entitled to equitable tolling, because he is actually innocent of the crimes. He claims his counsel was ineffective in failing to investigate his alibi and to locate the alibi witness. He asserts he had to investigate and locate his alibi witness while incarcerated in the penitentiary, and he lacked the resources of the State.

In support of his claim of actual innocence, petitioner has submitted copies of "newly discovered" affidavits by Michael P. DeLozier, petitioner's brother who pleaded guilty to the same acts as petitioner, and by Carol French. Mr. DeLozier's affidavit, dated May 1, 2003, states as follows:

> I did in fact both kill & injure the said Police/D.O.C. tracking dogs. I used my pocket knife to cut their throats, in order to escape from being caught. My brother Douglas Gilbert did not cut the dogs [sic] throats, that was me. Also for the record I did plead guilty to this crime already, <u>because of my guilt</u>. And the reason why I did not admit to it when my brother was on trial was due to my lawyers [sic] advice that I could not help Douglas, I could only hurt him, which was false! I should have confessed to my crime. But I did not, I was scared of prison and my brother knew this. The reason Douglas did not say anything was to protect me. So please accept my affidavit as true & honest as to what happened.

[Docket #8, Exhibit 1].

Carol French's affidavit, dated June 10, 2004, states:

3

>I picked Doug Gilbert up the morning of August 22nd, 1994. I met him at Loves in downtown Broken Bow around 8:00 A.M. He got out of a black truck and got into my vehicle with me. We left town heading west, we went up into the hills. I don't know for sure where we went. We then stopped in the woods and spent the whole day together. At about 10:00 P.M. I dropped him off at a house in Broken Bow and headed home.
>
>I know that he didn't kill the D.O.C. dogs because I was with him all day. The reason I didn't say anything before now is because of my Ex-husband.

[Docket #8, Exhibit 2].

In further support of his actual innocence claim, petitioner also asserts that when he was arrested, he had no blood on his shoes or clothing. He contends the acts of slashing the throats of two dogs would have resulted in a large quantity of blood on his clothes and shoes.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999)).

The court finds that, apart from his questionable "newly discovered" affidavits, there is no evidence in the record to suggest petitioner is actually innocent of the charges of which he stands convicted, or that uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). At the time of his trial, petitioner surely was aware of his claim that there was no blood on his clothes or shoes when he was arrested. Actual innocence claims require "new reliable evidence--whether it be exculpatory scientific evidence, *trustworthy* eyewitness accounts, or critical physical

evidence--that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006) (quotation omitted) (emphasis added). Furthermore, the affidavits allegedly were executed in May 2003 and June 2004, yet petitioner waited until December 2004 to raise his actual innocence claim in his second post-conviction action. He has presented no credible reason for his delay in pursuing relief.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #6] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 20th day of March 2008.

*[signature]*
James H. Payne
United States District Judge
Eastern District of Oklahoma